IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

SOMERSET HOUSE MANAGEMENT
ASSOCIATION, INC.

    Plaintiff,

  v.                                            Civil Action No. PX-16-3375

BISHOP'S TENNIS, INC., ET AL.,

    Defendants.

BISHOP'S TENNIS, INC.,

    Third-Party Plaintiff,

  v.

THOMAS DOWNEY, LTD.,

    Third-Party Defendant.

******

**MEMORANDUM OPINION**

The matter before the Court arises from the installation of tennis courts at the Somerset Condominium Complex in Chevy Chase, Maryland. ECF No. 2 at ¶ 7. Plaintiff Somerset House Management Association, Inc. ("Somerset House") owns the courts. *Id.* Somerset House alleges that the courts, which were installed by Defendant Bishop's Tennis, Inc. ("BTI"), have multiple "dead spots," making them dangerous to use. *Id.* at ¶¶ 7, 9, 11, 12. Somerset House initiated suit against BTI for breach of warranty, breach of contract, and negligence, and against NGI Sports, the manufacturer of the materials that BTI used to construct the courts, for strict product liability.

1

BTI, in turn, has filed a third-party complaint against Thomas Downey, Ltd. ("TDL"), which BTI alleges had been hired by Somerset House as a professional engineer to identify any issues of concern with the area in which resurfacing of the courts was to occur. ECF No. 42. at ¶ 3. BTI, in its thinly drafted third-party complaint, alleges that any damages suffered by Somerset House "were as a result of the sole and/or contributory negligence of [TDL], without any negligence on the part of BTI." *Id.* ¶ 2.

Now pending before the Court is TDL's Motion to Dismiss Third-Party Complaint under Federal Rule of Civil Procedure 12(b)(6), filed on March 15, 2017. ECF No. 47. BTI opposed the motion on March 30, 2017. ECF No. 49. TDL replied on April 11, 2017. ECF No. 50. Having considered the parties' arguments, the Court now **DISMISSES** BTI's Third Party Complaint Against Thomas Downey, Ltd.

### I.     Standard of Review

When reviewing a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a court must determine whether the complaint contains facts sufficient to state a claim to relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Factual allegations in the complaint are taken as true, but a court need not accept a plaintiff's legal conclusions, even when they are couched as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must plead facts to support each element of the claim to satisfy the standard. *See McCleary-Evans v. Maryland Dept. of Transp., State Highway Admin.*, 780 F.3d 582, 585 (4th Cir. 2015).

### II.    Discussion

Federal Rule of Civil Procedure 14 governs third-party practice. In relevant part, the Rule provides: "A defending party may, as third-party plaintiff, serve a summons and complaint

on a nonparty who is or may be liable to it for all or part of the claim against it." Fed. R. Civ. P. 14(a)(1). "When considering the substance of a third-party complaint, it is not sufficient that the third-party claim is a related claim; the claim must be derivatively based on the original plaintiff's claim." *Laborers' Dist. Council Pension & Disability Tr. Fund No. 2 v. Geofreeze, Inc.*, 298 F.R.D. 300, 301 (D. Md. 2014) (internal marks and citation omitted); *see also L'Occitane, Inc. v. Tran Source Logistics, Inc.*, No. WMN-09-2499, 2010 WL 761201, at *4 (D. Md. Mar. 2, 2010) (not enough for the third-party claim to arise out of same general set of facts as the main claim; rather, it must be derivate); *Kohl's Dep't Stores, Inc. v. Target Stores, Inc.*, 214 F.R.D. 406, 413 (E.D. Va. 2003) ("A third-party claim under Rule 14 can be maintained only if the liability asserted is in some way derivative of the main claim.").

"Under Rule 14(a), a third-party defendant may not be impleaded merely because he may be liable to the *plaintiff*." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 368 n.3 (1978) (emphasis in original). That is to say, "a third-party claim is not appropriate where the defendant and putative third party plaintiff says, in effect, 'it was him, not me.'" *Watergate Landmark Condominium Unit Owner's Assoc. v. Wiss, Janey, Elstner Assoc., Inc.*, 117 F.R.D. 576, 578 (E.D. Va. 1987); *AIG Europe Limited v. General System, Inc.*, No. RBD-13-0216, 2014 WL 3671566, at *7 (D. Md. July 22, 2014) (quoting *Watergate*, 117 F.R.D. at 578). Instead, a third-party claim lies "only where a proposed third party plaintiff says, 'If I am liable to plaintiff, then my liability is only technical or secondary or partial, and the third party defendant is derivatively liable and must reimburse me for all or part of anything I must pay plaintiff.'" *L'Occitane*, 2010 WL 761201 at *4 (quoting *Watergate*, 117 F.R.D. at 578) (internal alterations and marks omitted).

3

BTI's third-party complaint is precisely a "him, not me" claim. BTI's position is that "any injuries" suffered by Somerset House were the result of the negligence of TDL, "without any negligence on the part of BTI." ECF No. 42 at ¶ 2. BTI further avers that TDL's alleged "failure to identify and warn against various . . . issues of concern in the outdoor complex" was the cause of Somerset House's injuries. *Id.* at ¶ 3. Even in BTI's opposition to TDL's motion to dismiss, BTI maintains that "Plaintiff Somerset [House] claims that the tennis courts failed because BTI did not discover that the subsurface was not conducive to the resurfacing project. BTI, in turn, claims that it was Third-Party Defendant TDL that failed to discover that the subsurface was not conducive to the tennis court resurfacing." ECF No. 49-1 at 4. BTI later continues: "BTI is not seeking to hold TDL liable to *it* for providing negligent engineering services. Rather, BTI has alleged that TDL provided negligent engineering services to Plaintiff Somerset [House], which resulted in the alleged 'dead spots' on the tennis court surface." *Id.* at 6 (emphasis in original). Because the allegations center on TDL's liability to Plaintiff Somerset House, the third-party complaint cannot survive. *See Kohl's Dep't Stores*, 214 F.R.D. at 413 (putative third-party plaintiff who asserted that defective construction caused at least part and perhaps all of the damage suffered by plaintiff was asserting a variant of "it's him, not me"; putative third-party defendant was liable to plaintiffs rather than to putative third-party defendant); *Watergate*, 117 F.R.D. at 577–78.[1]

Of course, the Court's ruling does not foreclose an attempt by BTI to use TDL's alleged negligence as a defense at trial. *See Watergate*, 117 F.R.D. at 579. Whether such evidence is

---

[1] The Court further notes that BTI has failed to allege plausibly that TDL's negligence caused the alleged "dead spots" in Somerset House's tennis courts. More particularly, the Third Party Complaint is devoid of any allegations that BTI knew of, reviewed, or relied upon TDL's report to Somerset House. Nor does BTI allege that it did not have an independent duty to ascertain whether there were defects in the area to be resurfaced, or allege any factual material to support a finding of derivate or secondary liability.

4

relevant and admissible will be left for another decision on another day. Nonetheless, because BTI's claims against TDL are not secondary or derivative of Somerset House's claims against BTI, BTI's third-party complaint must be dismissed.

**III.   Conclusion**

For the foregoing reasons, the Third Party Complaint filed by BTI is **DISMISSED**. A separate order will follow.

| | |
|---|---|
| _10/18/2017_ | _/S/_ |
| Date | Paula Xinis |
| | United States District Judge |